O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>BENJAMIN ALONSO-DURAN,<br><br>Defendant/Petitioner. | Case No. EDCV 08-1014-VAP<br>EDCR 05-86-VAP<br><br>**[Motion filed on July 23, 2008]**<br><br>**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS RESPONDENT'S MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |
|---|---|

### I.   SUMMARY OF PROCEEDINGS

On July 23, 2008, pro se Petitioner Benjamin Alonso-Duran filed a "Motion for Reduction of Sentence by an Inmate in Federal Custody" pursuant to 28 U.S.C. § 2255. On September 23, 2008, Respondent United States of America filed a Motion to Dismiss Petitioner's § 2255 Motion.  Petitioner filed no timely Opposition.

## II.   BACKGROUND

On November 1, 2005, a federal grand jury returned a five-count indictment against Petitioner and two co-defendants.  The indictment charged Petitioner with, in Count One, violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute and to distribute methamphetamine; in Count Two, violation of 21 U.S.C. § 841(a)(1), distribution of methamphetamine; in Counts Three and Four, violation of 21 U.S.C. § 841(a)(1), possession of methamphetamine with the intent to distribute; and in Count Five, violation of 21 U.S.C. § 841(a)(1), possession of marijuana with the intent to distribute.

On February 6, 2006, Petitioner pled guilty to Count One of the indictment.  On July 17, 2006, the Court sentenced Petitioner to 48 months of imprisonment.  Petitioner did not appeal from his conviction or his sentence.

## III.   PETITIONER'S CONTENTIONS

Giving the § 2255 Motion a liberal construction, it appears that Petitioner asserts a claim for ineffective assistance of counsel for the following reasons: (1) he should have received a downward departure because "new constitutional law [Blakely v. Washington, 542 U.S. 296 (2004)] justifies this downward departure sentence

request"; (2) he should have received a downward departure because of his post-conviction rehabilitation; and (3) he should have received a downward departure because of his alien status.  (See § 2255 Mot. at 2-6.)

### IV.  DISCUSSION

As Respondent argues, the Petitioner's Motion is untimely brought under Section 2255, and subject to denial solely on that basis.  (See Mot. at 8-9.)

Section 2255 requires that any motion for relief under that section must be filed within one year "from the date on which the conviction becomes final."  28 U.S.C. § 2255(1).  Petitioner's conviction became final on August 7, 2006; thus, in order to be timely, any § 2255 Motion had to be filed no later than August 7, 2007.  Petitioner did not file this Motion until July 23, 2008, nearly two years beyond the statutory deadline.  Moreover, to the extent Petitioner would be entitled to the benefit of the "mailbox rule,"[1] the Court notes that the § 2255 Motion is dated by Petitioner on July 18, 2008, and thus remains untimely even upon application of that rule.  The § 2255 Motion is denied as untimely.

---

[1] The "prison mailbox rule" established by the U.S. Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), permits a prisoner's federal habeas petition or civil rights complaint to be deemed filed when he hands it over to prison authorities for mailing to the district court.

### V.   CONCLUSION

For the foregoing reasons, the Court GRANTS Respondent's Motion to Dismiss Petitioner's § 2255 Motion.

Dated:  July 17, 2009

VIRGINIA A. PHILLIPS
United States District Judge